IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCED DATA ACCESS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION USA, PROMOS TECHNOLOGIES, INC., POWERCHIP TECHNOLOGY CORPORATION, MICRON TECHNOLOGY, INC., MICRON TECHNOLOGY TEXAS, LLC, FREESCALE SEMICONDUCTOR, INC., PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, WINBOND ELECTRONICS CORP., and WINBOND ELECTRONICS CORPORATION OF AMERICA, | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:11-cv-00473-LED<br><br>**JURY TRIAL DEMANDED** |
| Defendants. | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff ADVANCED DATA ACCESS LLC ("Plaintiff") files this First Amended Complaint against Defendants NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION USA, PROMOS TECHNOLOGIES, INC., POWERCHIP TECHNOLOGY COPRORATION, MICRON TECHNOLOGY, INC., MICRON TECHNOLOGY TEXAS, LLC, FREESCALE SEMICONDUCTOR, INC., PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, WINBOND ELECTRONICS CORP. and WINBOND ELECTRONICS CORPORATION OF AMERICA ("Defendants") alleging as follows:

## I. **THE PARTIES**

1. Plaintiff is a Limited Liability Company organized and existing under the laws of the State of Texas, with a principal place of business in Frisco, Texas.

2. Upon information and belief, Defendant NANYA TECHNOLOGY CORPORATION ("NANYA") is a corporation organized and existing under the laws of Canada, with a principal place of business in TaoYuan, Taiwan. Counsel for Defendant NANYA has appeared in this case by way of Notices of Appearance and Motions for Extension of Time.  Accordingly, service of this First Amended Complaint may be had on Defendant NANYA by and through its attorneys of record.

3. Upon information and belief, Defendant NANYA TECHNOLOGY CORPORATION USA ("NANYA USA") is a California corporation with a principal place of business in Santa Clara, CA. Counsel for Defendant NANYA USA has appeared in this case by way of Notices of Appearance and Motions for Extension of Time.  Accordingly, service of this First Amended Complaint may be had on Defendant NANYA USA by and through its attorneys of record.

4. Upon information and belief, Defendant PROMOS TECHNOLOGIES ("PROMOS") is a corporation organized and existing under the laws of Canada, with a principal place of business in Hsinchu, Taiwan. Counsel for Defendant PROMOS has appeared in this case by way of Notices of Appearance and Motions for Extension of Time.  Accordingly, service of this First Amended Complaint may be had on Defendant PROMOS by and through its attorneys of record.

5. Upon information and belief, Defendant POWERCHIP TECHNOLOGY CORPORATION ("POWERCHIP") is a corporation organized and existing under the laws of Taiwan, with a principal place of business in Hsinchu, Taiwan. Counsel for Defendant POWERCHIP has appeared in this case by way of Notices of Appearance and Motions for

Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant POWERCHIP by and through its attorneys of record.

6. Upon information and belief, MICRON TECHNOLOGY, INC. ("MICRON") is a Delaware corporation with a principal place of business in Boise, ID. Counsel for Defendant MICRON has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant MICRON by and through its attorneys of record.

7. Upon information and belief, MICRON TECHNOLOGY TEXAS, LLC ("MICRON TEXAS") is an Idaho limited liability company with a principal place of business in Allen, TX. Counsel for Defendant MICRON TEXAS has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant MICRON TEXAS by and through its attorneys of record.

8. Upon information and belief, FREESCALE SEMICONDUCTOR, INC. ("FREESCALE") is a Texas corporation with a principal place of business in Austin, TX. Counsel for Defendant FREESCALE has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant FREESCALE by and through its attorneys of record.

9. Upon information and belief, PANASONIC CORPORATION ("PANASONIC") is a corporation organized and existing under the laws of Japan, with a principal place of business in Osaka, Japan. Counsel for Defendant PANASONIC has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant PANASONIC by and through its attorneys of record.

10. Upon information and belief, PANASONIC CORPORATION OF NORTH AMERICA ("PANASONIC NORTH AMERICA") is a Delaware corporation with a principal place of business located in Secaucus, NJ. Counsel for Defendant PANASONIC NORTH AMERICA has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant PANASONIC NORTH AMERICA by and through its attorneys of record.

11. Upon information and belief, WINBOND ELECTRONICS CORP. ("WINBOND") is a corporation organized and existing under the laws of Taiwan, with a principal place of business in Taichung City, Taiwan. Counsel for Defendant WINBOND has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant WINBOND by and through its attorneys of record.

12. Upon information and belief, WINBOND ELECTRONICS CORPORATION OF AMERICA ("WINBOND AMERICA") is a Delaware corporation with a principal place of business located in San Jose, CA 95134. Counsel for Defendant WINBOND AMERICA has appeared in this case by way of Notices of Appearance and Motions for Extension of Time. Accordingly, service of this First Amended Complaint may be had on Defendant WINBOND AMERICA by and through its attorneys of record.

## II. JURISDICTION AND VENUE

13. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a). Advanced Data Access LLC ("ADA" or "Plaintiff") is a subsidiary of Acacia Research Group LLC ("ARG"). Both ARG and ADA maintain their principal place of business in Frisco, Texas.

14. ARG (formerly known as Acacia Patent Acquisition Corp.) acquired United States Patent Nos. 5,781,497 ("the '497 Patent"), 5,672,535 ("the '535 Patent"), and 5,671,188 ("the '188 Patent") on June 28, 2007. Since that time, the '497, '535, and '188 Patents have been successfully licensed and/or covenanted to various entities. Licensing efforts are ongoing through ADA.

15. Upon information and belief, Defendants have had minimum contacts with the Tyler Division of the Eastern District of Texas such that this venue is fair and reasonable. Defendants have committed such purposeful acts and/or transactions in this district that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Tyler Division of the Eastern District of Texas.

16. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

17. On July 14, 1998, United States Patent No. 5,781,497 ("the '497 Patent") was duly and legally issued for "Random Access Memory Word Line Select Circuit Having Rapid Dynamic Deselect." A true and correct copy of the '497 Patent is attached hereto as Exhibit "A" and made a part hereof.

18. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '497 Patent, with all rights to enforce the '497 Patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

19. On September 30, 1997, United States Patent No. 5,672,535 ("the '535 Patent") was duly and legally issued for "Method of Fabricating DRAM cell with Self-Aligned Contact." A true and correct copy of the '535 Patent is attached hereto as Exhibit "B" and made a part hereof.

20. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '535 Patent, with all rights to enforce the '535 Patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

21. On September 23, 1997, United States Patent No. 5,671,188 ("the '188 Patent") was duly and legally issued for "Random Access Memory Having Selective Intra-Bank Fast Activation of Sense Amplifiers." A true and correct copy of the '188 Patent is attached hereto as Exhibit "C" and made a part hereof.

22. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '188 Patent, with all rights to enforce the '188 Patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

23. The '497, '535, and '188 Patents are collectively referred to as the "Patents-in-Suit."

24. Upon information and belief, Defendants manufacture, make, have made, import, have imported, market, sell and/or use products and/or systems that infringe one or more claims of the Patents-in-Suit.

*Infringement By Defendants NANYA and NANYA USA*

25. Defendants NANYA and NANYA USA, without authority, consent, right, or license, and in direct infringement of the Patents-in-Suit, manufacture, use, sell, import, and/or offer for sale systems and/or products that directly infringe one or more claims of the Patents-in-Suit. By way of example only, its DDR3 SDRAM product, model number N2CB1G80CN-CG, directly infringes at least claim 1 of the '497 Patent and at least claim 1 of the '188 Patent. Further, by way of example only, its DDR2 SDRAM product, model number NT5TU64M16GG-3C, directly infringes at least claim 1 of the '535 Patent.

26. Further, upon information and belief, Defendants NANYA and NANYA USA induce and/or contribute to the infringement of one or more of the claims of the '497 and '188 Patents by others.

27. For example, Jinmingsheng Technology (HK) Co., Limited ("Jinmingsheng") directly infringes at least claim 1 of the '497 Patent and at least claim 1 of the '188 Patent by selling and/or marketing Defendant NANYA and Defendant NANYA USA's DDR3 SDRAM product, model number N2CB1G80CN-CG, in, and/or to customers located in, the United States.

28. Upon information and belief, Defendants NANYA and NANYA USA had knowledge of, or were willfully blind to, the existence of the Patents-in-Suit, since September 9, 2011, the time of the filing of the Original Complaint or the First Amended Complaint (as applicable), if not earlier.

29. Further, on information and belief, Defendants NANYA and NANYA USA possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the '497 and '188 Patents. For example, Defendants NANYA and NANYA USA provided a datasheet detailing the architecture and functionality of their DDR3 SDRAM product, including part number N2CB1G80CN-CG.

30. Upon information and belief, Defendants NANYA and NANYA USA actively induced Jinmingsheng to infringe the '497 and '188 Patents by advertising an infringing use of their DDR3 SDRAM product. For example, Defendants NANYA and NANYA USA advertise an infringing use of their DDR3 SDRAM product, part number N2CB1G80CN-CG, by providing a datasheet detailing its use.

31. Upon information and belief, Defendants NANYA and NANYA USA's DDR3 SDRAM product has no substantial non-infringing uses. For example, Defendants NANYA and

NANYA USA state in said datasheet that their DDR3 SDRAM product, part number N2CB1G80CN-CG, is a high-speed CMOS, dynamic random-access memory.

*Infringement By Defendant PROMOS*

32. Defendant PROMOS, without authority, consent, right, or license, and in direct infringement of the '497 and '535 Patents, manufactures, uses, sells, imports, and/or offers for sale systems and/or products that directly infringe one or more claims of the '497 and '535 Patents. By way of example only, its DDR2 SDRAM product, model number V59C1512164QBF3, directly infringes at least claim 14 of the '497 Patent. Further, by way of example only, its DDR2 SDRAM product, model number V59C1G01168QBJ25, directly infringes at least claim 1 of the '535 Patent.

33. Further, upon information and belief, Defendant PROMOS induces and/or contributes to the infringement of one or more of the claims of the '497 Patent by others.

34. For example, HongKong Honesty Electronic Technology Limited ("HongKong Honesty") directly infringes at least claim 14 of the '497 Patent by selling and/or marketing Defendant PROMOS' DDR2 SDRAM product, model number V59C1512164QBF3, in, and/or to customers located in, the United States.

35. Defendant PROMOS had knowledge of, or was willfully blind to, the existence of the Patents-in-Suit since September 9, 2011, the time of the filing of the Original Complaint or the First Amended Complaint (as applicable), if not earlier. Moreover, Defendant PROMOS had knowledge of the '188 Patent since at least, June 14, 2005, when U.S. Patent No. 5,781,488 ("'488 Patent") was assigned to Defendant PROMOS. The '488 Patent references the '188 Patent on the front page.

36. Further, on information and belief, Defendant PROMOS possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the '497 Patent. For example, Defendant

PROMOS provided a datasheet detailing the architecture and functionality of its DDR2 SDRAM product, part number V59C1512164QBF3.

37. Upon information and belief, Defendant PROMOS actively induced HongKong Honesty, to infringe the '497 Patent by advertising an infringing use. For example, Defendant PROMOS advertises an infringing use of its DDR2 SDRAM product by providing a datasheet detailing the use of its DDR2 SDRAM product.

38. Upon information and belief, Defendant PROMOS's DDR2 SDRAM product has no substantial non-infringing uses. For example, Defendant PROMOS states in said datasheet that its DDR2 SDRAM product, part number V59C1512164QBF3, is a four bank DDR DRAM.

*Infringement By Defendant POWERCHIP*

39. Defendant POWERCHIP, without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufactures, uses, sells, imports, and/or offers for sale systems and/or products that directly infringe one or more claims of the '497 Patent. By way of example only, its DDR3 SDRAM product, model number XEM953A3G-P, directly infringes at least claim 14 of the '497 Patent and at least claim 10 of the '188 Patent.

40. Further, upon information and belief, Defendant POWERCHIP induces and/or contributes to the infringement of one or more of the claims of the '497 and '188 Patents by others.

41. For example, G.Skill International Enterprise ("G.Skill") directly infringes at least claim 14 of the '497 Patent by selling and/or marketing Defendant POWERCHIP's DDR3 SDRAM product, model number XEM953A3G-P, in, and/or to customers located in, the United States.

42. Upon information and belief, Defendant POWERCHIP had knowledge of, or was willfully blind to, the existence of the Patents-in-Suit since September 9, 2011, the time of the filing of the Original Complaint or the First Amended Complaint (as applicable), if not earlier.

43. Further, on information and belief, Defendant POWERCHIP possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the '497 Patent. For example, Defendant POWERCHIP provided a datasheet detailing the architecture and functionality of its DDR3 SDRAM product, part number XEM953A3G-P.

44. Upon information and belief, Defendant POWERCHIP actively induced G.Skill to infringe the '497 Patent by advertising an infringing use. For example, Defendant POWERCHIP advertises an infringing use of its DDR3 SDRAM product by providing a datasheet detailing the use of its DDR3 SDRAM product, part number XEM953A3G-P.

45. Upon information and belief, Defendant POWERCHIP's DDR3 SDRAM product has no substantial non-infringing use. For example, Defendant POWERCHIP states in said datasheet that its DDR3 SDRAM product, part number XEM953A3G-P, is a Desktop, 240-pin DIMM.

*Infringement By Defendants MICRON and MICRON TEXAS*

46. On information and belief, Defendants MICRON and MICRON TEXAS, without authority, consent, right, or license, and in direct infringement of the '497 and '535 Patents, manufacture, use, sell, import, and/or offer for sale systems and/or products that directly infringe one or more claims of the '497 and '535 Patents. By way of example only, its DDR3 SDRAM product, model number MT4JTF12864AZ-1G4, directly infringes at least claim 1 of the '497 Patent and at least claim 1 of the '535 Patent.

*Infringement By Defendant FREESCALE*

47. Defendant FREESCALE, without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufactures, uses, sells, imports, and/or offers for sale systems and/or products that directly infringe one or more claims of the '497 Patent. By way of example

only, its Embedded Flash product, model number MC9S08AW60CFGE, directly infringes at least claim 8 of the '497 Patent.

*Infringement By Defendants PANASONIC and PANASONIC NORTH AMERICA*

48. Upon information and belief, Defendants PANASONIC and PANASONIC NORTH AMERICA, without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufacture, use, sell, import, and/or offer for sale systems and/or products that directly infringe one or more claims of the '497 Patent. By way of example only, their Microcomputer product, model number MN103S26EDC, directly infringes at least claim 8 of the '497 Patent.

49. Further, upon information and belief, Defendants PANASONIC and PANASONIC NORTH AMERICA induce and/or contribute to the infringement of one or more of the claims of the '497 Patent by others.

50. For example, K.D.H. Group (Asia) Limited ("KDH") directly infringes at least claim 8 of the '497 Patent by selling and/or marketing Defendant PANASONIC and Defendant PANASONIC NORTH AMERICA's Microcomputer product, model number MN103S26EDC, in, and/or to customers located in, the United States.

51. Upon information and belief, Defendants PANASONIC and PANASONIC NORTH AMERICA had knowledge of, or were willfully blind to, the existence of the Patents-in-Suit since September 9, 2011, the time of the filing of the Original Complaint or the First Amended Complaint (as applicable), if not earlier.

52. Further, on information and belief, Defendants PANASONIC and PANASONIC NORTH AMERICA possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the '497 Patent. For example, Defendants PANASONIC and PANASONIC NORTH AMERICA

11

provided a datasheet detailing the architecture and functionality of their microcomputer product, part number MN103S26EDC.

53. Upon information and belief, Defendants PANASONIC and PANASONIC NORTH AMERICA actively induced KDH to infringe the Patents-in-Suit by advertising an infringing use. For example, Defendants PANASONIC and PANASONIC NORTH AMERICA advertise an infringing use of their microcomputer product by providing a Microcomputer General Development Environment Catalog detailing the use of their microcomputer product.

54. Upon information and belief, Defendant PANASONIC's and Defendant PANASONIC NORTH AMERICA's microcomputer product has no substantial non-infringing use. For example, Defendant PANASONIC and PANASONIC NORTH AMERICA state in said datasheet that their microcomputer product, part number MN103S26EDC, is a Microcomputer with embedded RAM.

*Infringement By Defendants WINBOND and WINBOND AMERICA*

55. On information and belief, Defendants WINBOND and WINBOND AMERICA, without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufacture, use, sell, import, and/or offer for sale systems and/or products that directly infringe one or more claims of the '497 Patent. By way of example only, its DDR SDRAM product, model number W9425G6JH-5, directly infringes at least claim 14 of the '497 Patent.

56. Further, upon information and belief, Defendants WINBOND and WINBOND AMERICA induce and/or contribute to the infringement of one or more of the claims of the '497 Patent by others.

57. For example, Avnet, Inc. ("Avnet") directly infringes at least claim 8 of the '497 Patent by selling and/or marketing Defendants WINBOND and WINBOND AMERICA's DDR

SDRAM product, model number W9425G6JH-5, in, and/or to customers located in, the United States.

58. Upon information and belief, Defendants WINBOND and WINBOND AMERICA had knowledge of, or were willfully blind to, the existence of the Patents-in-Suit since September 9, 2011, the time of the filing of the Original Complaint or the First Amended Complaint (as applicable), if not earlier. For example, Defendants WINBOND and WINBOND AMERICA had knowledge of the '497 Patent since, at least, November 7, 2000, when U.S. Patent No. 6,144,610 ("'610 Patent") was issued to them. The '610 Patent references the '497 Patent on the front page.

59. Further, on information and belief, Defendants WINBOND and WINBOND AMERICA possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the patent. For example, Defendants WINBOND and WINBOND AMERICA provided a datasheet detailing the architecture and functionality of their DDR SDRAM product, part number W9425G6JH-5.

60. Upon information and belief, Defendants WINBOND and WINBOND AMERICA actively induced Avnet to infringe the '497 Patent by advertising an infringing use. For example, Defendants WINBOND and WINBOND AMERICA advertise an infringing use of their DDR SDRAM product by providing a datasheet detailing the use of their DDR SDRAM product, part number W9425G6JH-5.

61. Upon information and belief, Defendants WINBOND and WINBOND AMERICA's DDR SDRAM product has no substantial non-infringing use. For example, Defendants WINBOND and WINBOND AMERICA state in said datasheet that their DDR SDRAM product, part number W9425G6JH-5, is a CMOS Double Data Rate synchronous dynamic random access memory.

62. Plaintiff reserves the right to assert additional claims for the Patents-in-Suit and reserves the right to assert additional patents. Plaintiff also reserves the right to accuse additional products of infringement.

63. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. Upon information and belief, Defendants will continue their infringement of the Patents-in-Suit unless enjoined by the Court. Defendants' infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

65. With respect to willful infringement, Plaintiff's allegations are based on information and belief unless otherwise noted. Plaintiff reserves the right to seek discovery on this issue and, as appropriate, will seek leave to amend and/or supplement these allegations.

## IV. **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed to and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

    c.    That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its products, which is the time of filing of Plaintiff's Original Complaint or First Amended Complaint (as applicable) at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

    c.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

    d.    That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

    e.    That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of the Patents-in-Suit; and

    f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   November 16, 2011**           Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
skeels@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of November, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                      /s/ Jonathan T. Suder