IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCED DATA ACCESS LLC, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:11-cv-00473-LED |
| | § | |
| | § | JURY TRIAL DEMANDED |
| NANYA TECHNOLOGY | § | |
| CORPORATION, NANYA | § | |
| TECHNOLOGY CORPORATION | § | |
| USA, ET AL. | § | |
| Defendants. | | |

## NANYA TECHNOLOGY CORPORATION AND NANYA TECHNOLOGY CORPORATION USA'S MOTION TO STAY THE CASE PENDING REEXAMINATION

Efficiency, judicial economy, and common sense all strongly favor staying this case pending the USPTO's reexamination of the asserted claims for three reasons. First, Plaintiff ADA is a non-practicing entity that will not lose any standing in the market from its inability to proceed. Second, it would be a waste of resources to proceed to *Markman* and summary judgment on claims that are likely to be declared invalid or amended as a result of the reexamination requests. And third, neither the parties nor the Court have invested many resources to date because the case management conference has not yet been scheduled, the Court has not issued a scheduling order, discovery has not commenced, and no trial date has been set. Therefore, Nanya respectfully requests that the Court stay this case pending the completion of the reexamination requests.

## I. PERTINENT FACTS

Plaintiff ADA initiated this action four months ago, on September 9, 2011, asserting that each of the eleven defendants infringed at least one claim of its thirteen-and-a-half year old patent—U.S. Patent No. 5,781,497 (the "'497 Patent").

On November 16, 2011, a little less than two months ago, ADA filed its First Amended Complaint and added two new patents to the suit, U.S. Patent Nos. 5,672,535 (the "'535 Patent") and 5,671,188 (the "'188 Patent"), both of which are over fourteen years old.

Last week, on January 5, 2012, Nanya filed requests for *ex parte* reexamination challenging the validity of all the independent claims of the '497 Patent,[1] '535 Patent,[2] and '188 Patent.[3]

In accordance with 35 U.S.C. § 303 and 37 C.F.R. § 1.515, an examiner from the USPTO must determine within ninety days whether Nany's reexamination requests should be granted. And according to the USPTO's own *Ex Parte* Reexamination Filing Data, 92% of all *ex parte* reexamination requests are granted.[4]

Nanya's reexamination requests include nine distinct prior art references, none of which were ever cited by the applicant or considered by the Patent Examiner during the prosecution of any of the patents-in-suit.

All of the defendants who have answered to date have asserted that the claims of all the patents-in-suit are invalid under either 35 U.S.C. § 102 or § 103 based, at least in part, on the same prior art and arguments that are asserted in Nanya's reexamination requests.

---

[1] Declaration of Christopher L. Evans ("Evans Decl."), Ex. A (Request for *Ex Parte* Reexamination of U.S. Patent 5,781,497A).
[2] Evans Decl., Ex. B (Request for *Ex Parte* Reexamination of U.S. Patent 5,672,535 A).
[3] Evans Decl., Ex. C (Request for *Ex Parte* Reexamination of U.S. Patent 5,671,188 A).
[4] Evans Decl., Ex. D (USPTO's *Ex Parte* Reexamination Filing Data - September 30, 2011).

Finally, this case is in its infancy. To date, no discovery has been taken, no significant motion practice has occurred, and the Court has not entered an order setting the date for the initial status conference. So neither this court nor any party has invested substantial time, money, or effort in this litigation.

## II. ARGUMENT

**A. This case should be stayed because it is in its infancy and the claims are likely to be canceled or amended during reexamination.**

"The district court has the inherit power to control its own docket, including the power to stay proceedings." *Southwire Co. v. Cerro Wire, Inc.*, F. Supp.2d 775, 778 (E.D. Tex. 2010) (Davis, J.). Reexamination of patent validity "is a 'useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.'" *Alza Corp. v. Wyeth*, No. Civ.A. 9:06-CV-156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006) (quoting H.Rep. No. 96-1307(I)). And the Federal Circuit has stated that the "purpose of the reexamination procedure is to eliminate trial of that issue … or to facilitate trial of that issue." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Further, staying a case pending reexamination is beneficial because:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
>
> 4. The outcome of the reexamination may encourage a settlement without further use of the Court[;]
>
> 5. The record of reexamination would likely be entered at trial; thereby reducing the complexity and length of litigation[;]

> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
>
> 7. The cost will likely be reduced both for the parties and the Court."

*See Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp.2d 749, 754 (E.D. Tex. 2006) (Folsom, J.).

And when deciding whether to stay litigation pending reexamination courts typically consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Id.* Here, all three factors favor staying case.

1.  *Plaintiff ADA will not be prejudiced by a stay.*

Plaintiff ADA will not be prejudiced or tactically disadvantaged by a stay because this case is not time sensitive and ADA is a non-practicing entity. This action is not time sensitive because it has been over 13 years since the youngest of the asserted patents issued, and four and a half years since ADA's parent, Acacia Research Group LLC, was assigned the rights to the asserted patents. This lawsuit is the first time any of these patents have ever been asserted in a patent infringement action so their validity has never been tested. In addition, the Nanya products ADA accuses of infringement are non-commodity legacy products with minimal sales in the United States. Finally, ADA is a non-practicing entity—not a direct competitor of any of the defendants—so a stay will not prejudice ADA's standing in the market during the remainder of the terms of the asserted patents.

Therefore, this factor weighs in favor of granting the stay.

  2. *Staying the case will simplify the issue because most, if not all, the claims at issue will likely be amended or canceled during reexamination.*

Further, a stay will simplify, if not eliminate, the issues. In 77% of reexaminations the USTPO cancels or amends the claims.[5] In addition, the Plaintiff's communications with the examiner during the reexamination proceedings will be important evidence for the Court to consider when determining the scope of the claims that may issue from the reexamination. *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988) (holding that statements made during reexamination are relevant to prosecution history when interpreting claims).

In addition, it is important to give the USPTO the opportunity to examine the prior art cited in Nanya's reexamination requests because when originally prosecuted the asserted patents faced only a small number of prior art references. For example, the examiner only cited to one prior art reference during the prosecution of the '535 patent,[6] two prior art references during the prosecution of the '497 patent,[7] and five prior art references during the prosecution of the '188 patent.[8] Consequently, there are more prior art references collectively cited in Nanya's three requests for reexamination, nine total, then there were prior art references cited to during the original prosecution of the three asserted patents—eight total.

More importantly, if the case is not stayed, the parties risk obtaining inconsistent results from this Court and the USPTO on identical issues relating to the validity and construction of the claims of the patents-in-suit. Accordingly, proceeding with infringement contentions, invalidity contentions, and claim construction on claims whose scope will

---

[5] Evans Decl., Ex. D at 2.
[6] Evans Decl., Ex. E (excerpt from prosecution history of the '535 patent).
[7] Evans Decl., Ex. F (excerpt from prosecution history of the '497 patent).
[8] Evans Decl., Ex. G (excerpt from the prosecution history of the '188 patent).

almost certainly change would be a waste of judicial resources as well as the parties' time and money. *See Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp.2d 775, 779 (E.D. Tex. 2010) (Finding that patentee's inconsistent validity arguments and claim amendments made during reexamination before the Court had conducted a *Markman* hearing "strongly favored staying the case.").

As a result, staying the case will promote both the interests of justice and judicial economy. Therefore, this factor weighs in favor of granting the stay.

3. *Timing weighs heavily in favor of a stay because no discovery has been conducted and a trial date has not been set.*

Finally, the timing of the request weighs heavily in favor of a stay because the case management conference has not yet been scheduled, the Court has not issued a scheduling order, discovery has not commenced, and no trial date has been set. *See Premier Intern'l Ass. LLC v. Hewlett-Packard Co.*, 554 F. Supp.2d 717, 724 (E.D. Tex. 2008) ("[S]ince this case is in its infancy, [the third] factor weighs in favor of a stay"). ADA filed its Original Complaint four months ago and the requests for reexamination were filed last week. As a result "[n]either the Court nor the parties have invested such resources as to make a stay pending completion of reexamination inefficient or inappropriate." *Datatreasury Corp.*, 490 F. Supp.2d at 755. Therefore, this factor weighs heavily in favor of granting the stay.

### III.   CONCLUSION

In summary, every factor weighs in favor of staying this case pending reexamination. Neither the parties nor the Court have invested many resources to this case yet because it is barely past the pleadings stage. Plaintiff ADA is a non-practicing entity that will not lose any standing in the market from its inability to proceed. And it would be a waste of resources to proceed to *Markman* and summary judgment on claims that are likely to be

declared invalid or amended as a result of the reexamination requests. Therefore, Nanya respectfully requests that the Court stay this case pending the completion of the reexamination requests.

Dated: January 10, 2012                    Respectfully submitted,

                                           */s/ Christopher L. Evans*
                                           Michael W. Shore
                                           Texas Bar No. 18294915
                                           Alfonso Garcia Chan
                                           Texas Bar No. 24012408
                                           Christopher L. Evans
                                           Texas Bar No. 24058901
                                           **SHORE CHAN BRAGALONE LLP**
                                           Bank of America Plaza
                                           901 Main Street, Suite 3300
                                           Dallas, Texas 75202
                                           214-593-9110 Telephone
                                           214-593-9111 Facsimile

                                           Attorneys for Defendants
                                           *NANYA TECHNOLOGY CORPORATION AND*
                                           *NANYA TECHNOLOGY CORPORATION USA*

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirements in Local Rule CV-7(H) and this motion is opposed.

                                                    /s/ *Christopher L. Evans*
                                                    Christopher L. Evans

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served on January 10, 2012 with a copy of this document via the Court's CM/ECF system, per Local Rule CV-5(a)(3).

                                                      /s/ *Christopher L. Evans*
                                                    Christopher L. Evans